**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WALTER DEWAYNE NEIL,

           Plaintiff,

vs.                                                                Case No. 6:15-cv-2152-Orl-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

           Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Walter Dewayne Neil ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "[a]nger problems" and "[l]earning problems," although he also suffers from a shoulder injury. Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed March 10, 2016, at 41, 83, 94, 229.[3] On December 5, 2011, Plaintiff filed an application for DIB, alleging an onset disability date

---

    [1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    [2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed March 10, 2016; Reference Order (Doc. No. 16), entered March 11, 2016.

    [3] In Plaintiff's Initial Brief (Doc. No. 19; "Pl.'s Br."), filed May 18, 2016, he specifically disclaims disability based on any physical impairments, including the shoulder injury. See Pl.'s Br. at 2 n.1.

of November 30, 2011. Tr. at 180-88.[4] Later in the administrative process, Plaintiff's alleged onset date was evidently amended to December 31, 2008. See Tr. at 12, 203-04. Plaintiff's application was denied initially, see Tr. at 82-92, 107-12, and was denied upon reconsideration, see Tr. at 93-104, 116-21.

On March 14, 2014, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel; a vocational expert ("VE"); and Plaintiff's younger sister. Tr. at 25-74. At the time of the hearing, Plaintiff was forty-seven (47) years old. Tr. at 30.

The ALJ issued a Decision on April 25, 2014, finding Plaintiff not disabled through the date of the Decision. Tr. at 12-20. After the ALJ's Decision was issued, the Appeals Council received from Plaintiff, and incorporated into the administrative transcript, some additional evidence in the form of undated correspondence from Plaintiff. Tr. at 4-5; see Tr. at 262-63 (correspondence). On October 23, 2015, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On December 22, 2015, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff advances one argument on appeal: that the ALJ erred in "fail[ing] to weigh the consultative Psychological Evaluation findings and opinions of Laura Hall, Psy.D., in determining [Plaintiff's residual functional capacity ("RFC")] at Step 4 of the sequential evaluation process," thereby rendering the Decision unsupported by substantial evidence.

---

[4] Although actually completed on December 5, 2011, see Tr. at 182, the filing date of the application is listed elsewhere in the administrative transcript as November 28, 2011, Tr. at 12, 83, 94.

Pl.'s Br. at 1; see id. at 8-12. On July 8, 2016, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-20. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 31, 2008, the alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairment: learning

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

disability, not otherwise specified." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform a full range of work at all exertional levels but with the following nonexertional limitations: Simple routine work tasks, can maintain attention and concentration for two-hour segments during an eight-hour workday; able to adapt to gradual changes in a routine work environment; no requirement for fast-paced production quotas or goals; oral instruction or initial demonstration; interact frequently as needed with supervisors and co-workers sufficiently for task completion, with occasional interaction with general public.

Tr. at 17 (emphasis omitted). At step four, the ALJ found that "[Plaintiff] is unable to perform any past relevant work" as "a furniture mover," a "construction laborer/day laborer," and a "fast food cashier." Tr. at 19 (some emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age ("42 years old . . . on the alleged disability date"), education ("illiterate and . . . able to communicate in English"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that exists in significant numbers in the national economy. Tr. at 19-20 (some emphasis omitted). Namely, the ALJ identified representative jobs as "cleaning/custodial," "packaging/sorting," and "machine tender/feeder." Tr. at 20. The ALJ concluded that Plaintiff "has not been under a disability . . . from December 31, 2008, through the date of th[e D]ecision." Tr. at 20 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

The Regulations establish a "hierarchy" among medical opinions that provides a framework for determining the weight afforded to each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining

physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)); see also Cranford v. Comm'r of Soc. Sec., No. 6:13-cv-415-Orl-GJK, 2014 WL 1017972, at *4 (M.D. Fla. Mar. 17, 2014) (unpublished)

(stating that "[w]eighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability").

Here, Dr. Hall performed a consultative psychological examination of Plaintiff on January 20, 2012 and issued a detailed report on that same date. See Tr. at 272-76. Among other things, Dr. Hall reported the following scores on the Wechsler Adult Intelligence Scale–Fourth Edition ("WAIS-IV"): Verbal Comprehension 56; Perceptual Reasoning 75; Working Memory 55; Processing Speed 56; Full Scale 55. Tr. at 274. Dr. Hall opined that Plaintiff's "nonverbal reasoning abilities are much better developed than his verbal reasoning abilities." Tr. at 274. According to Dr. Hall, Plaintiff's "verbal reasoning abilities . . . are in the extremely low range and above those of only 0.2% of his peers." Tr. at 274. Plaintiff's "nonverbal reasoning abilities . . . are in the borderline range and above those of only 5% of his peers." Tr. at 275. In terms of Plaintiff's "ability to sustain attention, concentrate, and exert mental control," Dr. Hall opined it is in the "extremely low range" because Plaintiff "performed better than [only] approximately 0.1% of his peers in this area." Tr. at 275. Finally, with respect to Plaintiff's "ability in processing simple or visual material without making errors," Dr. Hall indicated it "is in the extremely low range when compared to his peers," with Plaintiff performing "better than [only] approximately 0.2% of his peers on the processing speed tasks." Tr. at 275. Dr. Hall assessed "Depressive Disorder Not Otherwise Specified . . . (based on self-report and clinical observations)" and "Learning Disorder Not Otherwise Specified . . . (based on self report)." Tr. at 276. Dr. Hall concluded, "Formal assessment of adaptive functioning may be conducted in order to rule out diagnosis of

Mental Retardation.[6]  Prognosis appears to be guarded, but good, with adequate treatment."  Tr. at 276.

The ALJ's only mention of Dr. Hall's opinion in the Decision appears in the section in which the ALJ determines that Plaintiff does not meet or equal a Listing (step three).  See Tr. at 17.  When specifically discussing Listing 12.05, that addresses intellectual disabilities, the ALJ wrote the following two sentences regarding Dr. Hall's opinion (although not referring to Dr. Hall by name):

> In this case, the consultative examiner did not diagnos[e] mental retardation or borderline intellectual functioning, but rather found [Plaintiff] to have a learning disorder, not otherwise specified.  The consultative examiner noted that [Plaintiff's] "unique set of thinking and reasoning abilities make his overall intellectual functioning difficult to summarize."

Tr. at 17 (citing Exhibit 2F (Dr. Hall's report)).

Plaintiff argues the ALJ erred in failing to weigh Dr. Hall's opinion at step four of the sequential inquiry.  Pl.'s Br. at 8.  Plaintiff recognizes that the ALJ acknowledged the opinion at step three in determining that Plaintiff's learning disorder did not meet or equal any Listing.  Id.  Plaintiff contends, however, the reference to the opinion at step three is insufficient.  Id. at 8-9.  This is so, says Plaintiff, because "nowhere in the . . . Decision did the ALJ accord any weight to Dr. Hall's evaluation in determining [Plaintiff's] RFC at Step 4, so it is unknown the extent to which the ALJ accepted and rejected all or portions of Dr. Hall's psychological

---

[6] On August 1, 2013, the Social Security Administration amended the Listing that would apply to such a diagnosis, Listing 12.05, by replacing the words "mental retardation" with "intellectual disability."  See 78 Fed. Reg. 46,499, 46,501 (codified at 20 C.F.R. pt. 404, subpt. P, app. 1).  This change was made because "the term 'mental retardation' has negative connotations," and "has become offensive to many people."  Id. at 46,499.  The Social Security Administration stated that the change "does not affect the actual medical definition of the disorder or available programs or services."  Id. at 46,500.

evaluation findings concerning Mr. Neil's nonexertional functioning and in determining [Plaintiff's] RFC." Id. at 9-10.

Responding, Defendant contends that "[a]lthough the ALJ did not use the word 'weight' to describe her treatment of Dr. Hall's report, it is clear she considered it and gave it weight." Def.'s Mem. at 6. Defendant continues, "The ALJ included limitations in the RFC consistent with Dr. Hall's findings, and Plaintiff has not and cannot identify any finding by Dr. Hall that the ALJ rejected." Id. at 6-7 (citations omitted). Further, argues Defendant, "any error by the ALJ in failing to explicitly state the weight given to Dr. Hall's report was harmless." Id. at 7 (citations omitted).

Upon review, the undersigned finds that the ALJ erred in failing to articulate with the requisite specificity the weight assigned to Dr. Hall's opinion. See, e.g., Winschel, 631 F.3d at 1179. To the extent Defendant argues that the Court should find the error harmless because the limitations in the RFC are "consistent with Dr. Hall's findings," Def.'s Mem. at 6, the undersigned declines to do so. The RFC does not appear to be consistent with at least two (if not more) major findings of Dr. Hall. First, the ALJ found in the RFC that Plaintiff "can maintain attention and concentration for two-hour segments during an eight-hour workday," Tr. at 17, but this finding appears inconsistent with Dr. Hall's opinion that Plaintiff's "ability to sustain attention, concentrate, and exert mental control is in the extremely low range" in that Plaintiff "performed better than [only] approximately 0.1% of his peers in this area," Tr. at 275. Second, the ALJ found in the RFC that Plaintiff can perform "[s]imple routine work tasks," Tr. at 17, but Dr. Hall opined that Plaintiff's "ability in processing simple or routine visual material without making errors is in the extremely low range when compared

to his peers," noting that Plaintiff "performed better than [only] approximately 0.2% of his peers on the processing speed tasks," Tr. at 275. According to Dr. Hall, "Processing speed is an indication of the rapidity with which [Plaintiff] can mentally process simple or routine information without making errors." Tr. at 275. Especially given that there are no treating opinions or other examining opinions on the mental limitations, it is particularly important to ensure that the ALJ adequately considers Dr. Hall's opinion and assigns it appropriate weight with requisite specificity. For all of the foregoing reasons, the undersigned finds that the matter must be remanded for the ALJ to do so.

## V. Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A) Reevaluate the opinion of Dr. Hall, stating with particularity the weight assigned and the reasons for that weight;

    (B) If necessary, reformulate the RFC and repose a hypothetical to a VE; and

    (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on February 15, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record